USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY LANGTON,

             Plaintiff,

-against-

TOWN OF CHESTER, ALEX JAMIESON, sued in his individual capacity, TOWN OF CHESTER LIBRARY BOARD and TERESA MALLON, sued in her individual capacity,

             Defendants.

---

No. 14-cv-9474 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mary Langton ("Plaintiff"), a former trustee of the Town of Chester Library Board (the "Library Board"), commenced the instant action against multiple defendants, including the Library Board for alleged violations of 42 U.S.C. § 1983. By Order of Reference, dated April 21, 2016, the action was referred to the Honorable Magistrate Judge Lisa M. Smith ("Judge Smith") for all pre-trial matters. Now before the Court is Plaintiff's motion seeking review of Judge Smith's Order, dated January 18, 2018 (the "January Order"), denying Plaintiff's request for a modification of a protective order, issued on December 16, 2017, which prohibited Plaintiff from contacting certain individuals, identified in the Lindeman Report, except for the purpose of conducting a formal deposition. (ECF No. 120.) For the following reasons, the Court adopts the analysis and conclusions reached by Judge Smith, finds that the January Order contains no clear error nor is it contrary to law, and DENIES Plaintiff's motion.

BACKGROUND

Plaintiff commenced this action against Defendants the Town of Chester, Alex Jamieson, the Library Board and Teresa Mallon for alleged violations of 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges she was appointed by the Board of the Town of Chester to serve as a trustee on

1

Copies mailed/faxed 3/14/2018
Chambers of Nelson S. Román, U.S.D.J.

the Library Board for a four year term. Following her appointment to the Library Board, Plaintiff purportedly made multiple complaints concerning the conditions of the library, mismanagement of finances, nepotism, personal use of library property, and the town's failure to remedy the problems. Plaintiff alleges she was subsequently unlawfully terminated from her position for voicing her opinion and criticism concerning the operation and mismanagement of the library. By Order, dated March 2, 2016, all claims were dismissed except for Plaintiff's procedural due process claims asserted against the Library Board. (ECF No. 37.)

During discovery, Judge Smith issued an order, dated December 16, 2016 (the "December Order"), which prohibited Plaintiff from contacting "any of the individuals referenced in the Lindeman Report regarding the substance of this litigation outside the context of a formal deposition." (See ECF entry dated December 16, 2016.) According to defense counsel, the Lindeman Report was prepared by Devora L. Lindeman, Esq., an attorney for the Town of Chester Supervisor and Town of Chester Board, following receipt of notice of Plaintiff's intention to commence a lawsuit. The Lindeman Report purportedly was prepared in anticipation of litigation, contains the impressions of the attorney, and provides legal advice and strategy to the clients. Defense counsel asserted the document was protected from disclosure by the attorney-client privilege.[1]

Plaintiff moved before Judge Smith to modify the December Order so that she could contact any of the individuals referenced in the Lindeman Report for the purpose of obtaining "affidavits that would support her claim." Plaintiff asserted the Lindeman Report was "fraudulent" and that Judge Smith's prohibition deprived Plaintiff of a means of obtaining relevant evidence. By the January Order, Judge Smith denied Plaintiff's application seeking modification of the protective order. (ECF No. 118.)

---

[1] A copy of the Lindeman Report was provided to Judge Smith on September 8, 2016.

2

STANDARD OF REVIEW

Fed. R. Civ. P. § 72 provides, in relevant part, as follows:

When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. ... The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Discovery matters are generally considered non-dispositive of the litigation, such that a magistrate judge's ruling on pretrial discovery is subject to review by the clearly erroneous or contrary to law standard. Fed. R. Civ. P. § 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "A finding is 'clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); see also *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 623 (1993) (The "clearly erroneous" standard is significantly deferential, requiring a "definite and firm conviction that a mistake has been committed."). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), aff'd, 868 F.3d 104 (2d Cir. 2017), and aff'd, 705 F. App'x 10 (2d Cir. 2017).

DISCUSSION

A review of the January Order reveals Judge Smith deemed Plaintiff's motion as a request, pursuant to Fed. R. Civ. P. § 26(c), to modify the protective order. See *Tracy v. Freshwater*, 623 F. 3d 90, 101 (2d Cir. 2010). Fed. R. Civ. P. § 26 permits the court to issue a protective order for good cause to protect a party or person from annoyance, embarrassment,

3

oppression, or undue burden or expense. Judge Smith issued the protective order, as requested, in response to counsel's application seeking to quash Plaintiff's subpoena for the production of the Lindeman Report. (ECF No. 58.) The Lindeman Report was prepared in anticipation of litigation for the purpose of providing legal advice to the clients (the Town Supervisor and the Town Board). Judge Smith also weighed that the Lindeman Report purportedly contained the impressions of an attorney and suggested legal courses of action in the event Plaintiff commenced a lawsuit.

Of noteworthy, the protective order did not deny Plaintiff of an opportunity to obtain evidence, as suggested by Plaintiff, but merely required that Plaintiff question the individuals *via* deposition. A deposition is a discovery device wherein the witness is sworn, asked questions and his or her responses are recorded. An affidavit is a written statement of fact given by a declarant which is likewise made under oath. Lacking from Plaintiff's submission is any showing that Judge Smith's January Order is either clearly erroneous or contrary to law. Mere conclusory allegations, without factual or legal support, is insufficient to make the requisite showing.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion seeking review of Judge Smith's January Order is DENIED. This constitutes the Court's Opinion and Order.

Dated: March 14, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge