UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2020
```

MARY LANGTON,

                          Plaintiff,

        -against-

TOWN OF CHESTER LIBRARY BOARD,

                          Defendant.

No. 14-cv-9474 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mary Langton ("Plaintiff") brings this action, *pro se*, against Defendant Town of Chester Library Board ("Defendant" or the "Library Board") for alleged violations of 42 U.S.C. § 1983.[1]  (ECF No. 1.)  By Order of Reference, dated April 21, 2016, this action was referred to the Honorable Magistrate Judge Lisa M. Smith ("Judge Smith") for all pre-trial matters.[2]  (ECF No. 42.)  Presently before the Court are Plaintiff's objections to (1) Judge Smith's September 25, 2017 Order (ECF No. 104) denying Plaintiff's motion for leave to file an amended complaint (the "2017 Order"); and (2) Judge Smith's July 3, 2019 Order denying Plaintiff's motion for leave to file a second amended complaint (the "2019 Order").

For the following reasons, the Court AFFIRMS Judge Smith's 2017 Order and 2019 Order.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, as set forth in this Court's 2016 Order, *see Langton v. Town of Chester*, 168 F. Supp. 3d 597 (S.D.N.Y. 2016), and

---

[1]     Plaintiff commenced this action on December 2, 2014, asserting claims of First Amendment retaliation and procedural due process deprivations, against defendants Alex Jamieson, Teresa Mallon, the Town of Chester, and the Library Board.  (ECF No. 1.)  By Opinion and Order dated March 2, 2016 (the "2016 Order"), the Court dismissed Plaintiff's First Amendment claims against all defendants, as well as her due process claim against Defendant Mallon, but it denied the motion to dismiss Plaintiff's due process claim against the Library Board.  (ECF No. 37.)  Thereafter, the Court ordered that the Clerk of Court amend the case caption to only name the sole remaining defendant, the Library Board.  (ECF No. 124.)

[2]     The Order of Reference was closed on December 27, 2019.  (ECF No. 186.)

Judge Smith's 2017 Order.  For context, the Court briefly recounts the procedural history underlying Plaintiff's objections.

Plaintiff moved for leave to file an amended complaint on July 26, 2017.  (ECF No. 89.) In her proposed first amended complaint (the "FAC"), Plaintiff sought to add claims under 42 U.S.C. § 1985(2) ("Section 1985(2)"), alleging that several individuals conspired to alter the contents of the report written by Devora Lindeman (the "Lindeman Report"), which had been used as the basis for removing Plaintiff from her position on the Library Board.  (*Id.* ¶ 51.)  Specifically, the FAC avers that (1) the version of the Lindeman Report proffered by Defendant in both this case and the parallel action filed in the New York State Supreme Court, Orange County (the "State Action") is "fraudulent, false, and defamatory," and (2) the authentic Lindeman Report clears Plaintiff of wrongdoing.  (*Id.* ¶¶ 38-39.)

On September 26, 2017, Judge Smith denied Plaintiff's motion to amend.  In so ordering, Judge Smith concluded that Plaintiff did not establish good cause for her failure to timely file a motion to amend under Rule 16(b) of the Federal Rules of Civil Procedure.  (ECF No. 104 at 9-11.)  Judge Smith determined, alternatively, that granting leave to amend would be futile because the FAC failed to raise a cognizable claim under Section 1985(2).  (*Id.* at 14-16.)  Plaintiff filed her objection to the order on October 11, 2017 (the "First Objection").  (ECF No. 105.)

On June 26, 2019, while the First Objection was pending before this Court, Plaintiff filed a motion for leave to file a second amended complaint (the "SAC").  (ECF No. 171-1.)  Plaintiff's allegations were again premised on a conspiracy regarding the purportedly fraudulent Lindeman Report, but, in addition to claims under 1985(2), Plaintiff now asserted violations of various provisions of Title 18 of the United States Code, a claim for legal malpractice, and a violation of

the Fourteenth Amendment.[3]  (ECF No. 171-1 ¶¶ 325-33.)  In addition to new claims, Plaintiff

also sought to add many new defendants, including, *inter alia*, her former counsel in this matter,

her former counsel in the State Action, Defendant's counsel, and previously dismissed defendants

Town of Chester and Teresa Mallon.  (*Id.*)

On July 3, 2019, by text only order, Judge Smith denied Plaintiff's motion to file the SAC.

(*See* July 3, 2019 Dkt. Entry.)  Although primarily premised on Plaintiff's failure to comply with

Judge Smith's Individual Rule 2A,[4] the order also noted that the reasons for the previous denial of

Plaintiff's motion continued to apply.  (*Id.*)  The order further outlined several additional bases

warranting denial:

> Any effort to further amend, especially to add new defendants (the proposed
> amended complaint adds 20 defendants, some of whom had previously been
> dismissed from the case), is far too late.  Among other things, Plaintiff has asserted
> causes of action based on violations of Title 18 of the United States Code, for which
> there is no private right of action[;] claims of this type would have to be pursued
> by the United States Government, not a private citizen[.]  Plaintiff has not identified
> when each cause of action is alleged to have accrued, but there is no question that
> some of the causes of action against some of the defendants would be time-barred.

(*Id.*)

On July 10, 2019, Plaintiff filed an objection to the order (the "Second Objection").

(ECF No. 173.)  This Opinion and Order followed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a district court may refer certain non-dispositive pretrial

matters pending before the court to a magistrate judge for determination.  A motion to amend a

---

[3]    Plaintiff also sought to add claims pursuant to 42 U.S.C. § 1983 related to violations of her First Amendment
right to free speech.  (ECF No. 171-1 ¶¶ 326-37.)  As noted above, the Court had previously dismissed
Plaintiff's First Amendment retaliation claims in the 2016 Order.  *Langton*, 168 F. Supp. 3d at 603-05.

[4]    Judge Smith's Individual Rule 2A requires a movant to submit a pre-motion letter "setting fort the basis for
the anticipated motion" prior to filing any motion.  *See* Individual Practices of Magistrate Judge Lisa
Margaret Smith, *available at* https://www.nysd.uscourts.gov/sites/default/files/practice_documents/LMS%
20Smith%20Individualpracticeupdate2020.pdf.  The record indicates that Plaintiff filed no such letter before
moving for leave to file the SAC.

complaint is considered a non-dispositive motion. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *accord Thompson v. United States*, No. 16-CV-3468 (AJN), 2017 WL 2666115, at *2 (S.D.N.Y. June 19, 2017) ("'Motions . . . to amend are generally considered nondispositive motions, for which the Court's standard of review of the magistrate judge's decision is highly deferential.'"). Upon a magistrate judge's issuance of "a written order stating the decision" on a non-dispositive motion, a "party may serve and file objections to the order." Fed. R. Civ. P. 72(a). When a party submits objections to the magistrate judge's order, the district court must then review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A).

A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statues, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal citation omitted). "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (quoting *Cagle v. Cooper Cos., Inc.*, No. 91 Civ. 7828(HB), 1996 WL 514864, at *3 (S.D.N.Y. Sept. 10, 2016)).

This standard affords magistrate judges "broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, "[t]he party seeking to overturn a magistrate judge's

decision [] carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843(JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## DISCUSSION

In her First Objection, Plaintiff maintains that Judge Smith's 2017 Order was clearly erroneous because, *inter alia*, Plaintiff offered enough justification for her delay in seeking leave to amend her complaint and pled her proposed Section 1985(2) claims with sufficient particularity and factual bases to survive dismissal. (ECF No. 105.) In her Second Objection, Plaintiff merely asserts that the order was "clearly erroneous and contrary to law" and an abuse of Judge Smith's discretion. (ECF No. 173.) The Court will consider the two objections in turn.

## I.    Plaintiff's First Objection

The First Objection contends that Judge Smith erred in concluding that Plaintiff did not establish good cause for the delay in filing her motion to amend. (ECF No. 105 at 3.) Specifically, Plaintiff argues that good cause was established because her new claim was learned through deposition testimony that took place on April 20, 2017, and she had made good-faith efforts to amend the complaint in the past but her then-attorney declined to do so. (*Id.* at 3-5). Ultimately, resolution of the First Objection turns on whether Judge Smith's decision was clearly erroneous under Rule 16 of the Federal Rules of Civil Procedure.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should freely [be] give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). If, however, the Court enters a Rule 16 scheduling order that further restricts amendments, then "the lenient standard under Rule 15(a) . . . must be balanced against the [stricter] requirement under Rule 16(b)[.]" *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (internal citations omitted). To that end, Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under this good cause inquiry, "the primary consideration is

5

whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "A party has not acted diligently where the proposed amendment to the pleading is based on information 'that the party knew, or should have known,' in advance of the deadline sought to be extended." *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17 Civ. 6559 (PGG) (KHP), 2020 WL 2215250, at *4 (S.D.N.Y. May 7, 2020) (internal citations and quotations omitted). "[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order" if good cause has not been established. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Here, Judge Smith's conclusion that Plaintiff failed to establish good cause under Rule 16 was a proper exercise of her discretion under the applicable law. Judge Smith did consider Plaintiff's explanation that she had not learned of the newly alleged conduct until April 26, 2017, but, critically, as Judge Smith observed, documents filed in the State Action belied Plaintiff's assertion. (ECF No. 104 at 9-10.) Rather, those documents supported a finding that Plaintiff was seemingly aware of the factual allegations underpinning her claims as early as December 6, 2016. (*Id.*) Given this record, the Court cannot conclude that Judge Smith's good cause determination was clearly erroneous, let alone contrary to law.

As the 2017 Order notes, however, Judge Smith also denied leave to amend on the basis that such an amendment would be futile because the FAC did not raise a cognizable claim under Section 1985(2). (ECF No. 104 at 13-16.) To sustain a cause of action under Section 1985(2)'s first clause, a plaintiff must allege "(1) a conspiracy between two or more persons, (2) to deter a witness 'by force, intimidation, or threat' from attending any court of the United States or testifying freely in a matter pending therein, which (3) causes injury to the claimant." *Herrera v. Scully*, 815 F. Supp. 713, 726 (S.D.N.Y. 1993) (citing 42 U.S.C. § 1985(2)). Similarly, a claim under the second clause of Section 1985(2) requires a plaintiff to plead "(1) a conspiracy[,] (2) for the

purpose of impeding, hindering, obstructing, or defeating, in any manner, (3) the due course of justice in any State or Territory, (4) with intent to deny any citizen the equal protection of the laws." *Thomas v. DeCastro*, No. 14-CV-6409 (KMK), 2018 WL 1322207, at *12 (S.D.N.Y. Mar. 13, 2018) (quoting *Rodriguez v. City of New York*, No. 05 Civ. 10682(PKC)(FM), 2008 WL 4410089, at *15 (S.D.N.Y. Sept. 25, 2008). Of note, a claim under the second clause of Section 1985(2) requires "'a showing of class-based invidiously discriminatory animus' on the part of the conspiring parties." *Id.* (quoting *Hickey v. City of New York*, No. 01 Civ. 6506(GEL), 2004 WL 2724079, at *22 (S.D.N.Y. Nov. 29, 2004)); *accord Zemsky v. City of New York*, 821 F.2d 148 (2d Cir. 1987) ("Because Zemsky did not allege that he was deprived of his rights as a result of any racial, ethnic, or class-based animus on the part of the defendants, the district court did not err in dismissing his claims under Section[] . . . 1985[.]").

Here, even if the Rule 16 decision were clear error or contrary to law (which it was not), Judge Smith's conclusion that granting leave to amend would be futile is also supported by the record. In assessing Plaintiff's 1985(2) conspiracy claim, Judge Smith determined that Plaintiff had failed to establish a factual basis supporting the meeting of the minds, which, as she noted, must be pled with "at least some degree of particularity." *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 338 (S.D.N.Y. 1999) (quoting *Laverpool v. N.Y.C. Transit Auth.*, 760 F. Supp. 1046, 1056 (E.D.N.Y. 1991), *aff'd sub nom.*, *Dove v. O'Hare*, 201 F.3d 354 (2d Cir. 2000)). The Court's own review of the FAC confirms this conclusion, and the documents affixed to her reply in support of her motion do not disturb it or otherwise indicate that Judge Smith's decision was clear error or contrary to law.

The FAC is, in any event, deficient for other reasons. For example, to the extent Plaintiff's Section 1985(2) claim is premised on the first clause of the statute, the Court agrees with Judge Smith that Plaintiff failed to sufficiently allege facts establishing that the defendants tried to deter

her, or any other witness, with force, intimidation, or threat from attending any court in the United States or testifying freely (even if, as Plaintiff argues, intimidation can be construed broadly). Separately, to the extent Plaintiff's Section 1985(2) claim is premised on the second clause of the statute, Plaintiff has plainly failed to plausibly establish that the alleged conspiracy was motivated by a racial, ethnic, or class-based animus.  Taken together, upon a review of the entirety of Judge Smith's Section 1985(2) ruling, the Court does not find any support from the record to conclude the decision was clearly erroneous or contrary to law,  and thus it will not be disturbed.

The Court briefly addresses Plaintiff's remaining objections to the 2017 Order, namely that Judge Smith (1) relied on disputed facts, (2) failed to afford Plaintiff solitude based on her status as a *pro se* litigant, (3) deprived Plaintiff of a reasonable opportunity to demonstrate she has a valid claim, and (4) failed to accept Plaintiff's claims as true and construe them in the best possible light. After a thorough review of the 2017 Order, Plaintiff's FAC, and the parties' submissions, the Court finds these objections to be without merit.[5]

In sum, the Court concludes that the reasoning of Judge Smith's 2017 Order is sound and well supported.  As a result, the 2017 Order is AFFIRMED.

## II.    Plaintiff's Second Objection

As noted above, Judge Smith denied Plaintiff's motion to file the SAC for failure to comply with her individual rules.  The Court can discern no clear error in this decision from the record before it.  It is well established that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal citations omitted), and Plaintiff proffers no reason why or how that broad discretion was abused by Judge Smith, even if accounting for Plaintiff's *pro se* status.

---

[5]     The Court does not reach Plaintiff's objection regarding collateral estoppel, as the 2017 Order did not address this as a basis for denying Plaintiff's motion, nor can the Court discern that Judge Smith implicitly made a ruling on the issue (let alone that it was against Plaintiff).

Regardless, after a review of the SAC, the Court does not discern any clear error underlying Judge Smith's alternative bases for her denial outlined in the 2019 Order. Accordingly, Judge Smith's 2019 Order is AFFIRMED.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS Judge Smith's (1) 2017 Order denying Plaintiff's motion for leave to file an amended complaint, and (2) 2019 Order denying Plaintiff's motion to file a second amended complaint. Plaintiff's original complaint (ECF No. 1) remains the operative complaint in this action.

Defendant's counsel is directed to mail a copy of this Order and Opinion to Plaintiff at the address listed on ECF and to file proof of service on the docket.

Dated:   June 1, 2020
         White Plains, New York

SO ORDERED.

_____
NELSON S. ROMÁN
United States District Judge

9