UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/8/2022____
```

MARY LANGTON,

                              Plaintiff,

      -against-

TOWN OF CHESTER LIBRARY BOARD,

                              Defendant.

No. 14-cv-9474 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mary Langton ("Plaintiff") brings this action, *pro se*, against Defendant Town of Chester Library Board ("Defendant") for alleged violations of 42 U.S.C. § 1983.[1] (ECF No. 1.) By Order of Reference, dated April 21, 2016, this action was referred to the Honorable Magistrate Judge Lisa M. Smith ("Judge Smith") for all pre-trial matters.[2] (ECF No. 42.) Presently before the Court is Plaintiff's objection to Judge Smith's April 2, 2018 Order ("MJ Order", ECF No. 133) denying Plaintiff's motion for an order of protection against Joanna Janik. For the following reasons, the Court AFFIRMS Judge Smith's Order.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, as set forth in this Court's previous Opinion and Order, *see Langton v. Town of Chester*, 168 F. Supp. 3d 597 (S.D.N.Y. 2016), and Judge Smith's Order. For context, the Court briefly recounts the procedural history underlying Plaintiff's objection.

---

[1]      Plaintiff commenced this action on December 2, 2014, asserting claims of First Amendment retaliation and procedural due process deprivations, against defendants Alex Jamieson, Teresa Mallon, the Town of Chester, and Defendant. (ECF No. 1.) By Opinion and Order dated March 2, 2016, the Court dismissed Plaintiff's First Amendment claims against all defendants, as well as her due process claim against Defendant Mallon, but it denied the motion to dismiss Plaintiff's due process claim against Defendant. (ECF No. 37.) Thereafter, the Court ordered that the Clerk of Court amend the case caption to only name the sole remaining defendant, the Town of Chester Library Board. (ECF No. 124.)

[2]      The Order of Reference was closed on December 27, 2019. (ECF No. 186.)

On March 6, 2018, Plaintiff filed a letter to Judge Smith requesting the court issue "an order of protection" against Joanna Janick, a former member of Defendant's Board of Trustees and an alleged witness in this matter. (ECF No. 122.)  Plaintiff alleges that Janik sent her two emails, one consisting of a link she did not open, and one that has a subject line that contains a quotation from a nineteenth-century novel by Emile Souvestre. (*Id*.)  Plaintiff claims Janik sent the emails to "frighten, harass, and intimidate" her, which she has done successfully. (*Id*.)  Plaintiff requests "an order of protection that prohibits Ms. Janik from approaching me or contacting me via email or any other matter." (*Id*.)

Defendant filed a letter opposing the request, with an affidavit from Janik attesting that she did not send Plaintiff either of the emails she describes. (ECF No. 130.)  In her affidavit, Janik states the first email Plaintiff described did not come from her email address, and that every single person in her contact list was sent the second email from her account in "some sort of hack." (*Id*.)  She confirms she has had no contact with Plaintiff since her deposition and has no reason to contact her in the future. (*Id*.)  Plaintiff filed a letter in reply on March 27, 2018, stating Janik's affidavit should be rejected as she failed to include as an exhibit any evidence to support her claims. (ECF No. 132.)

By Order dated April 2, 2018, Judge Smith denied Plaintiff's request. (MJ Order at 4.)  First, Judge Smith evaluated Plaintiff's request under Federal Rule of Civil Procedure 26(c). (*Id*. at 2-3.)  However, as Rule 26(c) governs discovery, Judge Smith found that this rule is inapplicable to Plaintiff's request. (*Id*.)  Judge Smith then evaluated the motion under the All Writs Act, 28 U.S.C.A. § 1651(a). (*Id*. at 3-4.)  Judge Smith held that Plaintiff's request was neither necessary nor appropriate, as Janik's affidavit states she did not send the emails and that she agreed to have no further contact with Plaintiff. (*Id*.)  MJ Smith further found that Plaintiff's request would place an "unreasonable burden on a private citizen tangentially involved in the case." (*Id*. at 4.)

2

On April 13, 2018, Plaintiff filed an objection to the Order.  (Objection to the Order of the Magistrate Judge Denying Plaintiff's Request That the Court Issue an Order of Protection Against Joanna Janik ("Obj.") ECF No. 134.)  Defendant filed an opposition on April 27, 2018.  (ECF No. 135.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a district court may refer certain non-dispositive pretrial matters pending before the court to a magistrate judge for determination.  Upon a magistrate judge's issuance of "a written order stating the decision" on a non-dispositive motion, a "party may serve and file objections to the order." Fed. R. Civ. P. 72(a).  When a party submits objections to the magistrate judge's order, the district court must then review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A).

A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statues, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal citation omitted).  "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (quoting *Cagle v. Cooper Cos., Inc.*, No. 91 Civ. 7828(HB), 1996 WL 514864, at *3 (S.D.N.Y. Sept. 10, 2016)).

3

This standard affords magistrate judges "broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, "[t]he party seeking to overturn a magistrate judge's decision [] carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09 Civ. 5843(JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## DISCUSSION

In her objection, Plaintiff avers that Judge Smith's Order was clearly erroneous because (i) "[i]t incorrectly classifies Joanna Janik as 'a private citizen tangentially involved in the case,' and as someone 'not part[y] to the original action or engaged in wrongdoing'", and (ii) [i]t incorrectly asserts that the law provides no avenue for the relief Plaintiff seeks; specifically, that the All Writs Act, 28 U.S.C.A. 1651 (a) is not applicable." (Obj. at 2.)

The All Writs Act, 28 U.S.C.A. § 1651(a), states that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "The All Writs Act commits to the Court's discretion whether to issue writs." *United Spinal Ass'n v. Bd. of Elections*, No. 10 Civ. 5653 (DAB) (HBP), 2017 WL 8683672, at *4 (S.D.N.Y. Oct. 11, 2017) (quoting *Gulino v. Bd. of Educ.*, No. 96 Civ. 8414, 2016 WL 7320775, at *14 (S.D.N.Y. July 18, 2016) (Report of Special Master), *adopted at* 2016 WL 7243544 (S.D.N.Y. Dec. 14, 2016)). "The power under the All Writs Act is broad and applies to parties and nonparties alike." *Oneida Indian Nation v. Madison Cnty.*, 376 F. Supp. 2d 280, 282 (N.D.N.Y. 2005). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice . . . and

4

encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 173–74 (1977).

To determine whether the issuance of an order is "necessary or appropriate" under the Act, the Court must consider "(1) whether the requested writ 'unreasonabl[y] burdens' the writs' subject; (2) whether the requested writ is 'necessary' or 'essential to the fulfillment of the purpose' for which a previous order has been issued and (3) whether the writs' subject is a 'third party so far removed from the underlying controversy that its assistance could not be permissibly compelled.'" *United Spinal Ass'n*, 2017 WL 8683672, at *5 (citing *New York Tel. Co.*, 434 U.S. at 174–78.).

Here, Judge Smith's denial of Plaintiff's request for an order of protection was a proper exercise of her discretion under the All Writs Act.  The Court disagrees with Plaintiff's assertion that it was "misleading" for Judge Smith to describe Janik as a nonparty witness.  (Obj. at 3.) While Janik was previously a member of Defendant's Board of Trustees, she was not named individually in the Complaint and is therefore not a party in this action. *See Narumanchi v. Bd. of Trs.*, No. H-86-51 (PCD), 1986 WL 15753, at *6 (D. Conn. Oct. 6, 1986) ("The Board of Trustees . . . is the defendant here, not its individual members who are not named either in their official or individual capacities . . . .").  Further, Janik's position in the case is just one factor for the Court to consider, and it was clearly not the factor that Judge Smith focused on in making her determination. Instead, Judge Smith held, based on Janik's statements that she did not send the emails and did not have any intention to communicate with Plaintiff in the future, that the requested protective order was not necessary, appropriate, or reasonable.  Plaintiff has failed to show this conclusion was clearly erroneous.

The Court also disagrees with Plaintiff's assertion that Janik has engaged in "wrongdoing." (Obj. at 3.)  Janik has attested in a signed affidavit that the two emails sent to Plaintiff came from

5

a "hack", and she has removed Plaintiff from her contact list so it would not happen again.  Plaintiff

has not presented evidence showing Judge Smith's acceptance of Janik's affidavit was clearly

erroneous.  While Plaintiff states she "disbelieves" this due to "Janik's prior conduct" (*id*. at 4),

the Court does not find this to be persuasive.  Plaintiff cites to several sections of Janik's deposition

testimony that she finds to be "not credible" or "false."  (*Id*. at 3-4.)  However, she has failed to

produce any evidence showing that any of Janik's testimony was anything other than truthful.

Lastly, Plaintiff is incorrect in asserting Judge Smith held that there was no avenue for the

relief Plaintiff seeks.  (*Id*. at 5-6.)  As Plaintiff's original request did not include a legal authority

for the protective order she sought, Judge Smith analyzed the motion under both Rule 26(c) and

the All Writs Act.  (ECF No. 133.)  As Judge Smith, in her discretion, held that the requested order

of protection would not be necessary, appropriate, or reasonable, Judge Smith denied her request.

(*Id*.)  While Plaintiff may disagree with this holding, she has not produced any evidence showing

that it was clearly erroneous.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS Judge Smith's Order denying Plaintiff's

motion to for a protective order.  The Clerk of Court is directed to mail a copy of this Opinion and

Order to Plaintiff at the address listed on ECF and to show service on the docket.


Dated:    July 8, 2022                                              SO ORDERED:
          White Plains, New York


                                                    _____
                                                              NELSON S. ROMÁN
                                                          United States District Judge