UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

MARY LANGTON,

                Plaintiff,

        -against-

TOWN OF CHESTER LIBRARY BOARD,

              Defendants.
———————————————————————x

The Court is in receipt of Plaintiff Mary Langton's Motion to Strike Attorney's Charging Lien. (ECF No. 225.) Michael H. Sussman, Esq., the attorney whose charging lien is challenged, is directed to file any opposition or other response to Plaintiff's motion on or before July 10, 2026. Plaintiff may file a reply, if any, on or before July 27, 2026. No further submissions shall be filed without leave of Court. To the extent Mr. Sussman is not currently receiving ECF notifications in this matter, the Clerk of Court is respectfully directed to mail a copy of Plaintiff's motion and this Endorsement to Mr. Sussman at the address listed on ECF. The Clerk of Court is further directed to mail a copy of this Endorsement to pro se Plaintiff at the address listed on the docket.
Dated: June 5, 2026
     White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**14 CIV 9474 (NSR) (AEK)**

**MOTION TO STRIKE
ATTORNEY'S CHARGING LIEN**

**MEMO ENDORSED**

Plaintiff makes this motion for the Court to remove the charging lien granted to her then-attorney, Michael H. Sussman, Esq., in the above-referenced matter on December 16, 2016.  Plaintiff so moves for the following reasons:  One, Mr. Sussman quit the case.  Two, Mr. Sussman did not meet his contractual obligations to plaintiff before quitting the case.  Three, the Court did not allow plaintiff to be heard before granting the charging lien.

## 1.  The Attorney Quit the Case

In an email to plaintiff dated October 8, 2016, Mr. Sussman wrote the following:  "I will seek leave from the court to withdraw from your case…" Plaintiff had not asked him to do so, and was blindsided by this decision to quit at a critical juncture in the case.  His unjustified abandonment of his client should not

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/5/2026__

1

result in a monetary reward. In the same email, he wrote, "I will serve you with a copy of my papers which will be submitted to the court." In fact, plaintiff never received the November 10, 2016 letter from Mr. Sussman to the Court even though she has requested it from the Court repeatedly; therefore she still, to this day, does not know what reason or reasons Mr. Sussman gave the Court for seeking to withdraw from the case. (Plaintiff here makes her third request to the Court for a copy of the November 10th letter. She requires a Court's copy because it is date-stamped as received.)

On October 9, 2016, plaintiff wrote to Mr. Sussman, "Allow me to expedite the process [of receiving her case file]. You're fired." The record is clear that Mr. Sussman quit this case first.

## 2.  The Attorney Did Not Meet His Contractual Obligation

Even before quitting the case, Mr. Sussman had not met his contractual obligations to his client. In an email to plaintiff dated September 28, 2014, Mr. Sussman wrote: "the proposed cost for five depositions, which is what I expect we need…" Mr. Sussman's agreement with plaintiff on the need for depositions--most crucially of Devora Lindeman, Esq., the originator of an investigative report--was a critical factor in her decision to retain him. She fully expected him to conduct those depositions. Yet he never did. Instead, he claimed, two years later, that they

were not necessary, as there are no facts in dispute. (Yes, there are. Plaintiff notes for the record that no trier of fact--no jury--has ever found the alleged Lindeman Report to be authentic.)

### 3. The Court Did Not Grant Plaintiff the Opportunity to be Heard

On October 31, 2016 then-presiding Magistrate Judge Lisa Margaret Smith granted a charging lien to Mr. Sussman. Plaintiff was afforded no opportunity to respond before the charging lien was ordered.

Plaintiff made her first appearance as a pro se litigant for a status conference on December 16, 2016. During that status conference, the following exchange took place between plaintiff and Magistrate Judge Lisa Margaret Smith:

THE COURT: Okay. Ms. Langton, in one of my earlier orders I had granted Mr. Sussman's request for his firm to have what's called a lien on the file.

MS. LANGTON: Right.

What the Court did not do is invite or even order plaintiff to submit a counterargument against granting the charging lien before making its decision. It was already done, with no input from plaintiff. Plaintiff notes the foregoing because it stands in such sharp contrast to the Court's dealings with Defendant. For example, on March 5, 2018 plaintiff made a motion for an order of protection against one of the library trustees who had removed plaintiff from office after that

3

individual sent plaintiff an email that was violent in nature.  (Docket # 122)  Nine days later, having received no response to the motion from Defendant, the Court made the following order:  "The Court hereby Orders that Defendants provide a response indicating their position on the proposed order of protection, if any, by Monday, March 19, 2018 at 5 p.m."  (Docket # 124)

Similarly, after Devora Lindeman, Esq., was issued a subpoena (Docket # 75), the Court made the following order *two years later*:  "Ms. Lindeman has until 3 / 25 / 2019 to secure counsel and have counsel submit a motion to quash the subpoena."  (Docket # 164)

The Court's refusal to allow plaintiff, a pro se litigant, to argue against the request for a charging lien while urging responses from those who have lawyers, are lawyers, or both, is inequitable.

## Conclusion

For the foregoing reasons, the motion to strike the charging lien should be granted.

Dated:  June 3, 2026
      Chester, NY

/s/ Mary Langton
Pro Se Plaintiff
11 June Rd.
Chester, NY  10918
(845) 469-2110

4