USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/03/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY LANGTON,

Plaintiff,

-against-

TOWN OF CHESTER LIBRARY BOARD,

Defendant.

No. 14-CV-9474 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Presently before the Court is Plaintiff's motion to strike her former attorney Michael Sussman's charging lien. (ECF No. 225.) Mr. Sussman did not file an opposition.

In New York, attorney charging liens are governed by N.Y. Jud. L. § 475 which provides, in pertinent part:

> "From the commencement of an action . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor . . . The court upon the petition of the client or attorney may determine and enforce the lien."

It is well settled that an attorney charging lien is "a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action . . . " *Chadbourne & Parke, LLP v. AB Recur Finans*, 18 A.D.3d 222, 223 (App. Div. 1st Dep't 2005) (internal citation omitted). The attorney seeking to enforce the lien need not be counsel of record at the time a plaintiff receives judgment or settlement proceeds in order to have a lien on those proceeds. *Harley & Browne v. U.S.*, 957 F.Supp. 44, 48 (S.D.N.Y. 1997). An attorney need merely demonstrate that it was counsel of record at one point in the proceedings. *Id.* An attorney, however, forfeits its right to enforce the lien if it withdraws for the action or is discharged for

cause. *Id.* at 48. Typically, the court is required to hold a hearing to determine whether the attorney was discharged for cause and what amount, in quantum meruit, it is entitled in fees. *See Mason v. City of New York*, 67 A.D.3d 475, 889 (App. Div. 1st Dep't 2009).

A review of the docket indicates that the instant action has yet to be resolved, meaning no settlement has been reached and Plaintiff has yet to prevail at trial. Accordingly, Plaintiff's motion to strike her former attorney's charging lien (ECF No. 225) is denied as premature without prejudice to renew.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 225 and to mail a copy of this decision and order to *pro se* Plaintiff and to show service on the docket.

Dated: September 3, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge