USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/03/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY LANGTON,

Plaintiff

-against-

TOWN OF CHESTER LIBRARY BOARD,

Defendants.

**MOTION TO UNSEAL DEPOSITION TESTIMONY**
**14 CIV 9474 (NSR) (AEK)**

MEMO ENDORSED

See Page 4.

## 1. INTRODUCTION

On October 31, 2016, this Court sealed the document known as the "Lindeman Report." (Docket # 68) The Court further disallowed Plaintiff--or any other non-lawyer--from having a copy of the report. (Docket # 72)

On April 20, 2017, Plaintiff deposed non-party witness Maureen Jagos. At the direction of the library board's attorney, David Posner, Esq., Ms. Jagos declined to answer questions. Plaintiff telephoned presiding Magistrate Judge Lisa Margaret Smith, who ordered the witness to answer questions. During this same telephone conversation, Her Honor also sealed the deposition testimony, even though she had not been asked to. (Docket # 78)

During the deposition, the following exchange took place:

Q. Did you read the Lindeman Report before you came here today?

A. Yes.

Q. When did you read it?

A. Last night.

Q. That was the first time you read it?

A. No.

Q. When was the first time you read it?

A. About two weeks ago.

Q. Where did you read it?

A. In my living room.

Q. How did it get to your living room?

A. By e-mail.

Q. Who e-mailed it to you?

A. David Posner.

Q. Was anyone present when you read it?

A. Probably.

Q. Who was present?

A. My family.

Q. Did you forward it?

A. Yes.

## 2. ARGUMENT

The deposition testimony should be unsealed because it refutes the contents of the alleged Lindeman Report, which was wrongly made public by an officer of the court nine years ago. Through questioning of the witness, Plaintiff established motive for the witness's complaint against both plaintiff and library board president Theresa Mallon, and plaintiff's subsequent removal from the library board, including financial irregularities in the running of the Chester Public Library. Plaintiff also discredited the alleged Lindeman Report. Because the "report" is public, justice and basic fairness require that plaintiff's refutation of it should be permitted to be public.

Moreover, in forwarding the "report," the deponent knowingly violated a federal court order. In light of this, the Court should not continue to shield her testimony.

Plaintiff notes for the record that she has waited in vain for a sanction against opposing counsel for emailing the court-sealed "report" to at least seven individuals and sending it viral, ever since she reported this egregious violation to the magistrate judge on April 25, 2017. (Docket # 79) The emailing of the sealed

document to witnesses by defense counsel began as early as January, 2017, months before plaintiff was permitted by the Court to have a copy.

## 3. CONCLUSION

For the foregoing reasons the Court should unseal the Jagos deposition testimony.

Dated: August 12, 2026
Chester, NY

Mary Langton
Pro Se Plaintiff
11 June Rd.
Chester, NY 10918
(845) 469-2110
marylangton6@gmail.com

Sworn to before me this
21st day of August, 2026

NOTARY PUBLIC

CHRISTOPHER CAVALIER
Notary Public - State of New York
NO. 01CA0011689
Qualified in Sullivan County
My Commission Expires Jul 28, 2027

**The Court is in receipt of Plaintiff's motion to unseal deposition testimony. (ECF Nos 228, 229.) The Court directs Defendant to reply by September 18, 2026. The Court also directs Defendant to file a copy of the deposition under seal. The Clerk of Court is kindly directed to terminate the motions at ECF No. 228 and 229.**

**Dated: September 3, 2026**
**White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE