USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________________
DATE FILED: 11/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY LANGTON,

Plaintiff,

-against-

TOWN OF CHESTER LIBRARY BOARD,

Defendants.

No. 14-CV-9474

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Mary Langton ("Plaintiff") brings this action against Defendant Town of Chester Library Board (the "Library Board") for alleged deprivation of her procedural due process rights, under 42 U.S.C. § 1983. (*See* ECF No. 1.) Trial is scheduled to begin on January 19, 2027.

Presently before the Court are Defendant's motion *in limine*. Defendant moves to (i) preclude Plaintiff from offering evidence or argument that the Lindeman Report is inauthentic and (ii) preclude Plaintiff from calling witnesses other than Teresa Mallon, Tanya Woods, Joanna Janik, Naomi Sagiv, Alex Jamieson, and herself. (ECF No. 249.) Plaintiff opposes Defendant's motion. (ECF No. 253.)

For the following reasons, Defendant's motion to preclude testimony or argument about the authenticity of the Lindeman Report is GRANTED. The Court RESERVES JUDGEMENT on Defendant's motion to preclude witnesses other than Teresa Malon, Tanya Woods, Joanna Janik, Naomi Sagiv, Alex Jamieson and Plaintiff.

## BACKGROUND[1]

The Court assumes familiarity with the underlying facts of this case, as set forth in this Court's 2016 Order, *see Langton v. Town of Chester*, 168 F.Supp.3d 597 (S.D.N.Y. 2016), but recounts the information relevant to the motion at issue.

Plaintiff Mary Langton served as a trustee and President of the Library Board. (ECF No. 1 ¶¶ 1-2.) During her tenure, she raised concerns about the library's management. (*Id.* ¶¶ 6-7.) Following Plaintiff's criticism of library operations and a negative performance review she gave the library director, the director filed a complaint against her. (*Id.* ¶¶ 7-21.) The Town of Chester commissioned an investigation, which was conducted by an attorney, Devora Lindeman. (*Id.* ¶¶ 22-23.) Lindeman produced a report on her investigation (the "Lindeman Report.") (*Id.* ¶ 24.) On July 31, 2014, Plaintiff met with Alex Jamieson, a member of the board of the Town of Chester, and Teresa Mallon, President of the Library Board, who allegedly demanded Plaintiff resign because the Lindeman Report found Plaintiff was "a liar and had been abusive." (*Id.*) Plaintiff refused to resign, and requested a copy of the Lindeman Report, but Jamieson declined to share the Lindeman Report with Plaintiff. (*Id.* ¶ 25.) On August 1, 2014, Mallon informed Plaintiff that on August 12, 2024, action would be proposed to remove Plaintiff as a Trustee of the Board due to misconduct. (*Id.* ¶ 28.) On August 12, 2014, the Library Board voted to remove Plaintiff as a trustee. (*Id.* ¶¶ 29-33.) Plaintiff alleges that she was not informed of the specific charges and was given no opportunity to cross-examine any witness or defend herself in any manner. (*Id.* ¶ 31).

Plaintiff subsequently brought suit against the Town of Chester, the Library Board, Jamieson and Mallon, under 42 U.S.C. § 1983 alleging First Amendment retaliation and violation of her procedural due process rights in connection with her removal from her position. (*See*

[1] The parties' briefs will be referred to herein as follows: Defendant's Memorandum of Law ("Def. Mem.," ECF No. 251), Plaintiff's Memorandum in Opposition ("Pltf. Mem.," ECF No. 253.)

*generally id.*) On March 2, 2016, the Court dismissed the First Amendment claims. *See Langton v. Town of Chester*, 168 F.Supp.3d 597 (S.D.N.Y. 2016). The Court also dismissed the procedural due process claim against Defendant Mallon on qualified immunity grounds. *Id.* The only remaining claim after the Court's March 2, 2016, order, and the only claim at issue in the upcoming trial, is a procedural due process claim against the Library Board. As the Court found, Plaintiff had a protected property interest in her trustee position on the Library Board. *Id.* at 606. The Court also found that the instant case falls within the *Zinernan* line of cases; that is, that the deprivation of the property interest "occur[ed] in the more structured environment of established State procedures, rather than random acts." *Id.* at 607. The Court also noted that Plaintiff did not seek a name-clearing hearing. *Id.* at 609 n.2.

## LEGAL STANDARD

### I. Motions in Limine

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). A motion *in limine* is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation omitted). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

With certain exceptions, all relevant evidence is admissible, and evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make

a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**II. Procedural Due Process**

When a plaintiff has a protected property interest, and the case falls within the *Zinernan* line of cases, the Court must undertake the familiar *Mathews v. Eldridge* balancing test. *Langton*, 168 F.Supp.3d at 606. In *Mathews*, the Supreme Court noted that what constitutes requisite due process is "flexible" and necessitates an evaluation of the relevant governmental and private interests. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). With that in mind, the Supreme Court announced a three-part balancing test for assessing due process deprivation:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335. "[O]rdinarily, procedural due process requires notice and an opportunity to be heard." *Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.*, 902 F.2d 208, 212 (2d Cir. 1990). While "[t]he pretermination process 'need not be elaborate' or approach the level of a 'full adversarial evidentiary hearing,' [it] does require that before being terminated such an 'employee [be given] oral or written notice of the charges against h[er], an explanation of the employer's evidence, and an opportunity to present h[er] side of the story.'" *Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142,

151 (2d Cir. 2002) (internal citations and quotations omitted).

Importantly, a procedural due process claim concerns the adequacy of the procedures afforded in connection with a deprivation of a protected interest, rather than the substantive merits of the deprivation itself. *Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("[T]he right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions."); *Fuentes v. Shevin*, 407 U.S. 67, 87 (1972) ("The right to be heard does not depend upon an advance showing that one will surely prevail at the hearing.")

## DISCUSSION

### I. Motion to Preclude Plaintiff from Offering Evidence or Argument that The Lindeman Report is Inauthentic

Defendant argues that Plaintiff should be precluded from introducing evidence or testimony challenging the authenticity of the Lindeman Report under Rule 401 of the Federal Rules of Evidence ("Rule 401") because its authenticity is not a fact of consequence to Plaintiff's remaining procedural due process claim. (Def. Mem. at 6-7.) Because the only question remaining for trial is whether Plaintiff received constitutionally adequate process before her removal from the Library Board, Defendant argues that whether the Lindeman report was authentic, altered or entirely fictional has no bearing on the adequacy of process afforded to Plaintiff. (*Id.*) Defendant further argues that even if the Lindeman Report had some marginal relevancy to the procedural due process claim, it should nonetheless be excluded pursuant to Rule 403 of the Federal Rules of Evidence ("Rule 403") because it would confuse the issues, mislead the jury and needlessly prolong trial by inviting litigation over the allegations of forgery, which are unrelated to Plaintiff's procedural due process claim. (*Id.* at 10-11.)

The Court agrees. Plaintiff's sole remaining claim for trial concerns whether Defendant

deprived her of a protected property interest without constitutionally adequate process. As the Court previously explained, the relevant inquiry is whether Plaintiff received notice of the charges against her, an explanation of the evidence, and an opportunity to present her side of the story. *Langton*, 168 F.Supp.3d at 607-608. Moreover, as the Supreme Court has made clear, the right to procedural due process does not depend on the merits of the underlying deprivation. *Carey*, 435 U.S. at 266. Therefore, the truth or falsity behind the reasons for Plaintiff's removal is distinct from whether Defendant afforded her constitutionally adequate process, which is the only claim at issue in the upcoming trial.

Plaintiff's argument that the Lindeman Report is "inextricably linked" to her procedural due process claim because it purportedly reveals Defendant's motive is unavailing. (Pltf. Mem. at 4.) Plaintiff fundamentally misconstrues the nature of her remaining claim: the relevant inquiry is not *why* Defendant allegedly denied her due process, but *whether* Defendant afforded her constitutionally adequate process. Plaintiff's repeated allegations concerning Defendant's purported motives and the authenticity of the Lindeman Report do not bear on that inquiry and cannot transform this procedural due process action into a trial concerning the underlying merits of her removal. Therefore, the Court finds that the authenticity of the Lindeman Report is not of consequence to the procedural due process claim under Rule 401.

Even if the Lindeman Report had a marginal probative value (which the Court finds it does not), the Lindeman Report should nonetheless be excluded under Rule 403. Allowing Plaintiff to challenge the authenticity of the Lindeman Report would risk transforming this narrowly confined procedural due process trial into a dispute of whether the Lindeman Report was fraudulent. Such evidence would divert the jury's attention from the dispositive question of whether Plaintiff received constitutionally adequate process and instead invite the jury to assess the underlying

merits of the removal. The resulting confusion of the issues, risk of misleading the jury, and unnecessary expenditure of trial time would substantially outweigh any probative value under Rule 403.

Because the Court finds that the Lindeman Report should be excluded under Rules 401 and 403, the Court need not reach Defendant's argument that Plaintiff is collaterally estopped from relitigating the Lindeman Report's authenticity.

## II. Motion to Preclude Plaintiff from Calling Witnesses other than Teresa Mallon, Tanya Woods, Joanna Janik, Naomi Sagiv, Alex Jamieson, and Herself

Defendant also seeks to limit Plaintiff's witnesses to those with personal knowledge of the notice and removal process. (Def. Mem. at 11-13.) Specifically, Defendant argues that only a limited number of individuals possess personal knowledge of the events relevant to Plaintiff's procedural due process claim, including the July 31, 2024, meeting and the August 12, 2024, Board vote.[2] (*Id.* at 11.) Defendant further contends that testimony from witnesses who lack personal knowledge of these events would be inadmissible under Rule 401 and Rule 602 of the Federal Rules of Evidence ("Rule 602") and to the extent these witnesses recount out-of-court statements, inadmissible under Rules 801 and 802 of the Federal Rules of Evidence (the "Hearsay Rules"). (*Id.* at 11-13.)

The Court agrees that, under Rule 401, the only witnesses who can testify are those witnesses that can testify as to process afforded to Plaintiff prior to her removal. The Court also agrees that Plaintiff's witnesses must possess personal knowledge of the matters that they intend to testify about. Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced

---

[2] According to Defendant, these individuals are Teresa Mallon, Tanya Woods, Joanna Janik and Naomi Sagiv, who were the four trustees who deliberated in an executive session and voted to remove Plaintiff, Alex Jamieson, who attended the July 31, 2024, meeting at which the contents of the Lindeman Report were discussed with Plaintiff, and Plaintiff herself. (Def. Mem. at 11-12.)

sufficient to support a finding that the witness has personal knowledge of the matter.") Here, Plaintiff's procedural due process claim is the only remaining claim for trial. Plaintiff's anticipated witnesses must testify to the facts of consequence to that inquiry, and *only* that inquiry. Testimony on matters unrelated to the process Plaintiff received—like Plaintiff's dismissed First Amendment retaliation claims, the Lindeman Report, the merits of Plaintiff's removal or the Library Board's actions since the removal—is not relevant under Rule 401. Further, the testimony must be rooted on their personal knowledge of the events; in other words, a witness may testify "to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact." *U.S. v. Cuti*, 720 F.3d 453, 458 (2d Cir. 2013). If a witness testifies based on out-of-court statements, the testimony may be excluded under the Hearsay Rules.

Because Plaintiff has not issued a witness list, Court cannot at this juncture limit the witnesses. The Court reserves judgment on which Plaintiff's witnesses may testify, but Plaintiff must make a proffer outside the presence of the jury identifying the subject matter of the witness's anticipated testimony and establishing that the witness has personal knowledge. The Court will determine the admissibility of each witness at that time.

**CONCLUSION**

For the foregoing reasons, Defendant's motion *in limine* to preclude testimony or argument about the authenticity of the Lindeman Report is GRANTED. The Court RESERVES JUDGEMENT on Defendant's motion to preclude witnesses other than Teresa Mallon, Tanya Woods, Joanna Janik, Naomi Sagiv, Alex Jamieson and Plaintiff. In summary, Plaintiff may not introduce testimony or argument about the authenticity of the Lindeman Report. Plaintiff's witnesses must testify from personal knowledge and only on facts of consequence to the procedural due process claim.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 249 and to mail a copy of this order to pro se Plaintiff and show service on the docket.

Dated: November 24, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge